## KUFEKE v. KEHLOR.[1]

( *Circuit Court, E. D. Missouri.*   December 3, 1883.)

COMMISSION MERCHANTS—ADVANCES—BILL of LADING—INSURANCE.

 The consignee of goods, who advances on the faith of the bill of lading and insurance certificate attached, can recover from the shipper an amount sufficient to reimburse him for the advance, if there should be an error in the bill of lading and insurance certificate, by which the insurance could not be recovered for goods lost in transit.

At Law.   Motion for judgment *non obstante.*

This is a suit for a balance due plaintiff on account of a bill of exchange drawn on him by defendant and duly paid at maturity.   The case was tried before a jury.   The facts appeared from the evidence to be substantially as follows:   On the twenty-eighth of November, 1879, in compliance with a promise previously made to an agent of plaintiff, the defendant consigned to plaintiff at Glasgow, Scotland, for sale on commission, 750 barrels of flour,—500 branded "Yours, Truly," and 250 "Olive Branch."   The carrier from St. Louis to Glasgow was the Merchants' Dispatch Transportation Company, which, on the twenty-sixth of November, 1879, issued its bill of lading, agreeing to carry the flour from St. Louis to New York by rail, and from New York to Glasgow by sailing vessel.   At the time the bill of lading was issued, the name of the particular sailing vessel which was to carry the flour from New York was not known to the agent of the Merchants' Dispatch Transportation Company in St. Louis, and it was accordingly agreed between it and the defendant that the carrier should notify the defendant, through its agent at St. Louis, by wire from New York, of the name of the vessel, so that the consignor could insure the flour on board such vessel.   The bill of lading required that the flour be delivered to the defendant in good order, and also contained the words, "Notify Anton Kufeke."   Accordingly, on the second day of December, 1879, the consignor was notified by the agent of the carrier at St. Louis that the flour would go from New York to Glasgow by the bark Cypres, a sailing vessel, and that on the strength of that information the consignor on that day insured the flour for the voyage as on board that vessel.   The defendant thereupon advised the plaintiff by letter, dated December 5, 1878, of this consignment, and of the name of the vessel by which the flour would be shipped from New York to Glasgow, and that he had drawn on him at 60 days' sight, with bill of lading and insurance certificate attached, for £600.   The defendant did draw as stated, the draft being dated November 28, 1878, indorsing the bill of lading and insurance certificate.   The letter of advice, and also the draft and attached documents, reached Glasgow in due time, so that on the

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

eighteenth of December, 1878, the plaintiff accepted the draft, of which he duly advised the defendant. On the second of January the bark Cypres arrived at the port of Glasgow, but had none of the flour on board. There was no evidence that plaintiff or defendant knew of the arrival before May 15, 1879. Plaintiff notified defendant of the above fact by a letter dated May 15, 1879. On the sixteenth of January, 1879, the steamer State of Georgia arrived at Glasgow, having on board 259 barrels of the flour, of which the defendant had no knowledge. Thereupon the plaintiff paid said draft and received the flour then on board said steamer, but did not notify defendant of its arrival by that vessel. On the thirtieth of January, 1879, the plaintiff learned in Glasgow that the steamer Zanzibar, having on board the remainder of the flour, was overdue, and on that day he cabled the fact to defendant, and asked him to insure for the benefit of all concerned. The Zanzibar sailed from New York about January 14, 1879. This was the first information that defendant had that the flour did not go forward by the Cypres. Defendant endeavored to insure, as requested by the plaintiff, but was unable to do so, as the Zanzibar was already reported lost. The Zanzibar was lost, as reported, and the balance of the flour was never delivered to plaintiff. Defendant gave no permission to ship by any other vessel than the Cypres, and did not know of the shipment by another vessel until he received the cable dispatch from the plaintiff of January 30, 1879.

The court directed a verdict for plaintiff, subject to a motion for judgment *non obstante.* The defendant now moves for a judgment *non obstante.*

*H. E. Mills,* for plaintiff.

*George M. Stewart,* for defendant.

TREAT, J. As intimated at the trial, there is nothing in the facts shown to take the case out of the general rule. The authorities cited in defendant's brief establish no doctrine, whereby defendant could be relieved of his liability to plaintiff. The common carrier is liable to the defendant, and whether the plaintiff could, under some contingencies, have maintained an action against the carrier does not change the aspects of this case. Primarily, the defendant was bound to respond to the plaintiff; and the plaintiff had the right to rely on the accuracy of the papers forwarded by defendant on the faith of which the draft was accepted and paid. What was done by plaintiff on receipt of some portion of the shipment in the Georgia, and in cabling news concerning the Zanzibar, did not change the obligations or contract, but was merely for defendant's benefit, of which he cannot be heard to complain. The general rule is based on sound principles and should be enforced. Resort to commercial paper in foreign or domestic commerce carries therewith what the law-merchant exacts. A bill of exchange, with bill of lading and an insurance certificate annexed, does not compel the acceptor of the bill to rely for reim-

bursement on false bills of lading and certificates without recourse upon the drawer. True, the acceptor having received the bill of lading and acting as consignee, must do what the rules of agency require as to the receipt and sale of the shipments actually made as designated. In this case the bill of lading did not cover the shipment, and as to the certificate of insurance, the plaintiff had nothing to do, —that is, he was not bound to insure,—for the flour went forward on defendant's account, to whom, in the event of loss, the insurance money would have gone, or been applied on his draft.

The motion is overruled, and judgment will be entered according to the verdict.